Christophe Law Group, P.C., Plaintiff-Appellant, 
against
Klodian Kokomani, Defendant-Respondent.



Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Gerald Lebovits, J.), entered on or about December 21, 2015, which denied its motion for summary judgment and granted defendant's cross-motion to dismiss the complaint.




Per Curiam.
Order (Gerald Lebovits, J.), entered on or about December 21, 2015, affirmed, with $10 costs.
Plaintiff-law firm was retained by defendant-client with respect to an immigration matter. Paragraph 8 of the governing retainer agreement between the parties provided, in relevant part, that in the event of "litigation" relating to the subject matter of the retainer agreement, the non-prevailing party shall reimburse the prevailing party for attorneys' fees. Construing the agreement in the light most favorable to defendant-client (see Shaw v Manufacturers Hanover Trust Co., 68 NY2d 172, 177 [1986]), we agree that defendant is not obligated to reimburse plaintiff for legal fees incurred in a fee arbitration requested by defendant pursuant to 22 NYCRR 137, that was settled pursuant to an agreement whereby defendant agreed to pay the disputed fee. The Fee Dispute Resolution Program codified in Part 137 "provides for the informal and expeditious resolution of fee disputes between attorneys and clients through arbitration and mediation" (22 NYCRR 137.0). This informal dispute resolution does not constitute "litigation" as that term is used in Paragraph 8 of the retainer agreement (see Matter of Covert, 97 NY2d 68, 76 [2001] [if the contract terms are clear and unambiguous, these terms are to be taken and understood in their plain, ordinary and proper sense]). According to Black's Law Dictionary, "litigation" is defined as "the process of carrying on a lawsuit" (Black's Law Dictionary 1017 [10th Ed. 2014]). Likewise, "lawsuit" is defined as "any proceeding by a party or parties against another in a court of law" (id.; see also Horse-Shoe Capital v American Tower Corp. 30 Misc 3d 1220[A], 2011 NY Slip Op 50143[U] [Sup Ct, NY County 2011]). Thus, even assuming that plaintiff was the prevailing party, the Fee Dispute Resolution Program proceedings did not constitute "litigation" and therefore, plaintiff is not entitled to legal fees pursuant to the retainer agreement.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 21, 2017